**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **KELLY PINN,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:23-mc-0974-DII** |
| **CONSUMER CREDIT COUNSELING** | § | |
| **FOUNDATION, INC., et al,** | § | **(Underlying Case No. 4:22-cv-04048,** |
| | § | **Northern District of California)** |
| *Defendants* | § | |
| | § | |
| **KELLY PINN,** | § | |
| *Movant* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ACTIVEPROSPECT, INC.** | § | |
| *Respondent* | § | |

## ORDER

Before the Court are Kelly Pinn's Motion to Compel Non-Party Acti[v]eProspect, Inc., filed August 21, 2023 (Dkt. 1); Non-Party ActiveProspect's Response, filed October 2, 2023 (Dkt. 8-2); and Pinn's Reply, filed October 9, 2023 (Dkt. 9-1 (redacted) and 10-2 (sealed)). By Text Order entered August 28, 2023, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I.    Motions to Seal and File Overlength Briefs

The Court **hereby GRANTS**:

- Non-Party ActiveProspect, Inc's Unopposed Motion for Leave to Exceed Page Limits, filed October 2, 2023 (Dkt. 8);
- Kelly Pinn's Unopposed Motion for Leave to Exceed Page Limits for Her Reply Supporting Her Motion Compel [sic] Non-Party Acti[v]Prospect, Inc., filed October 9, 2023 (Dkt. 9); and
- Kelly Pinn's Motion to Seal Portions of Her Reply Supporting Her Motion Compel [sic] Non-Party Acti[v]eProspect, Inc. also filed October 9, 2023 (Dkt. 10).

## II.     Motion to Compel

### A.  Background

Plaintiff Kelly Pinn filed a putative class action in the Northern District of California alleging

that defendants in the underlying case violated the Telephone Consumer Protection Act, 47 U.S.C.

§ 227, by calls to her home telephone number in April 2022. *Pinn v. Consumer Credit Counseling

Found., Inc.*, No. 4:22-cv-04048-DMR (N.D. Cal. July 11, 2022). The defendants allege that Pinn

consented to the calls when she visited the website healthinstantly.org and entered her name and

phone number. Pinn explains that one defendant

> provided Pinn a link at trustedform.com which purports to be a
> recording of Pinn visiting healthinstantly.org in February 2022.
> Respondent ActiveProspect, located in Austin, Texas, operates the
> trustedform.com website. When the trustedform.com proprietary
> computer script is installed on a website (like healthinstantly.org), it
> ostensibly records a user's interactions with that website.
> ActiveProspect's customers "claim" these recordings, prompting
> ActiveProspect to preserve such recordings as links on
> trustedform.com (which ActiveProspect calls a "certificate") that
> can be replayed on demand. These TrustedForm certificates
> supposedly authenticate such recordings, and allow the certificates
> to be sold as a marketing lead.

Dkt. 1 at 3 (citations omitted). In other words, Respondent ActiveProspect, Inc. ("AP") provides a

software services for companies to verify consent data. Dkt. 8-6 (Second Declaration of

Jason Smith) at 3 ¶ 7.

Pinn denies that she consented to the calls and asserts that her alleged consent and the

TrustedForm certificate are inauthentic or fraudulent. She also alleges that a third party associated

with a robocall operation, Chad Smanjak, operated the healthinstantly.org website, "claimed" the

trustedform.com certificate from her alleged February 2022 visit to the site, and controls SMAC

Digital, Inc. ("SMAC"). Dkt. 1 at 3; Dkt. 9-1 at 2, 7. Pinn seeks discovery on the relationship

between AP and SMAC, neither of which is a party to the underlying litigation. Dkt. 9-1 at 2.

Pinn served her first subpoena on AP on December 12, 2022, and a supplemental subpoena on April 28, 2023. Dkt. 1-1 at 91-101, 129-40. Although the motion is not entirely clear, only the second subpoena appears to remain at issue. Pinn states that the supplemental subpoena seeks two categories of documents: (1) customer account information for the AP accounts that claimed Pinn's TrustedForm certificate, and (2) TrustedForm certificates claimed by "certain persons and email accounts associated with the [robocall operation], together with other 'documents concerning communications' since October 1, 2021 between Active Prospect and any such accounts." Dkt. 1 at 4. Pinn asks the Court to compel production, arguing that AP did not timely object and that some emails are missing from its production. Pinn also asks AP to produce all metadata from some 590,000 SMAC certificates claimed between January 2022 and April 2023, which would allow her to select a smaller number of actual certificates for production. Dkt. 9-1 at 3.

When AP failed to respond to Pinn's motion to compel within the seven-day deadline under Local Rule CV-7(d)(2), this Magistrate Judge entered a Text Order on August 31, 2023 granting the motion as unopposed. The same day, AP filed an unopposed motion to extend its response deadline, stating that it had "diligently sought to retain counsel to address the matters raised in the Motion." Dkt. 5 at 1. The Court granted the extension and also granted in part the parties' subsequent joint motion to further extend their briefing deadlines. *See* Text Orders entered September 7 and 18, 2023.

AP now responds that the documents Pinn seeks are irrelevant, disproportionate to the needs of the case, and unduly burdensome, and that her requests should have been directed to SMAC, the primary source of the information. AP states that it has produced responsive documents and two declarations and engaged in "continuous meet-and-confers to accommodate Plaintiff's requests," but Pinn "has turned the subpoenas into a ten-month fishing expedition designed to

obtain information that is massively disproportionate to the needs of the case." Dkt. 8-2 at 2, 4. AP contends that the TrustedForm Certificates claimed by SMAC within the time period comprise "roughly a million documents that belong to a different party (SMAC) despite the fact that ***only a single certificate***—the one associated with Plaintiff Kelly Pinn—is relevant to her underlying case." *Id.* at 5. AP also argues that this information belongs to SMAC and AP may not produce it without SMAC's consent, which SMAC has refused. Dkt. 8-2 at 11. Finally, AP seeks an award of attorneys' fees and costs.

Pinn argues in reply that she does not seek the actual TrustedForm certificates at this time but only the metadata for the approximately 590,000 SMAC certificates, which AP already has compiled and should produce without review. Pinn contends that she "needs a representative sample of SMAC certificate metadata (and, ultimately, the corresponding certificates) to adequately challenge the authenticity of the Pinn Certificate." Dkt. 9-1 at 6. She also states that Smanjak "was unresponsive when Pinn subpoenaed one of his other companies." Dkt. 9-1 at 7.

## B.  Legal Standards

Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Accordingly, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to

the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

Rule 45(d)(3)(A) authorizes "the court for the district where compliance is required" to quash a subpoena if it requires disclosure of privileged or protected information or subjects a person, including a non-party, to an undue burden. *See Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad.").

## C.  Analysis

Notwithstanding the broad scope of discovery, information must be relevant to a party's claim or defense or appear reasonably calculated to lead to discovery of admissible evidence before the Court requires production. *Crosby*, 647 F.3d at 262. The Court agrees with AP that Pinn's requests are facially overbroad, unduly burdensome, and disproportionate to the underlying litigation.

The record shows that AP – first through in-house counsel, then outside counsel it retained to assist in this matter – responded promptly to Pinn's subpoenas, searched for and produced all responsive documents related to Pinn, and has conferred with Pinn's counsel in good faith many times since December 2022, although objecting from its first, timely response that the subpoena was "overbroad, harassing, and not proportional to the needs of the case." Dkt. 1-1 at 103. Pinn does not dispute that AP produced documents and declarations relevant to Pinn's own alleged consent certificate. The Court declines to compel a third party to the underlying litigation to produce metadata for hundreds of thousands of additional documents merely so that Pinn may select "a representative sample" of comparator certificates issued by a different third party.

**D.  Conclusion**

For these reasons, Kelly Pinn's Motion to Compel Non-Party Acti[v]eProspect, Inc. (Dkt. 1) is **DENIED**. The Court also **DENIES** AP's request for attorneys' fees and costs and all other relief not expressly granted herein.

**IT IS ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable District Court.

**SIGNED** on November 3, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE